JOHN S. LEONARDO
United States Attorney
District of Arizona
ROSALEEN O'GARA
Assistant U.S. Attorney
Arizona State Bar No. 029512
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: rosaleen.o'gara@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-15-1201-TUC-FRZ (BGM) |
| Plaintiff, | |
| vs. | GOVERNMENT'S SENTENCING MEMORANDUM |
| Albert Wayne Rios, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby submits its sentencing memorandum in the above captioned case. The sentencing is currently scheduled for September 26, 2016 at 1:30 p.m.

On March 25, 2016, the defendant pled guilty to Count 1 of an indictment charging him with theft of government money, in violation of 18 U.S.C. § 641. (PSR, ¶ 2.) The PSR calculates an adjusted offense level of 10, accounting for a 6-level enhancement for a loss amount between $40,000 and $95,000, and a 2-level reduction for acceptance of responsibility. (PSR, ¶¶ 14-22.) The PSR also reflects that the defendant is in criminal history category IV, resulting in a guideline sentencing range of 15-21 months. (PSR at 21.) The government agrees with these calculations. The PSR notes the plea agreement range of 0-6 months. (*Id.*) The PSR does not recommend a term of custody, but rather recommends a three-year term of probation. (*Id.*)

When imposing a sentence, a court shall consider, among other things, "the nature and circumstances of the offense[.]" 18 U.S.C. §3553(a)(1). The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The seriousness of the crime at issue here is reflected in the loss amount, and the length of time over which the conduct took place. The criminal conduct involved the submission of numerous fraudulent travel vouchers to the Veterans' Affairs administration by the defendant on a nearly weekly basis over more than a year. (PSR, ¶ 8.) The defendant submitted travel vouchers to the VA, claiming that he was traveling more than 100 miles from Duncan to Tucson to receive benefits, when he was, in fact, residing in Tucson the entire time, and sought reimbursement for that travel. (PSR, ¶¶ 4-8.) In sum, the defendant fraudulently claimed and received more than $50,000 in funds to pay for travel that he never undertook. (PSR, ¶ 8.)

The defendant also has a criminal history dating back decades, including a series of felony convictions for crimes of dishonesty. In 1998, he received a suspended sentence (which was later revoked for a probation violation) for theft and attempted burglary in Safford, Arizona. (PSR, ¶ 25.) The defendant violated his probation in that case in 2000, when he was again convicted of felony theft, this time for stealing from his employer before and after his termination from that job. (PSR, ¶ 28.) In between those two acts, he was also convicted of felony forgery and another felony theft, both in Safford. (PSR, ¶¶ 26-27.) More recently in 2009, the defendant stole credit cards from his brother and accumulated another felony theft conviction. (PSR, ¶ 30.) Each of these convictions has been punctuated by a series of failures to appear, and other law enforcement contacts for various violations of law. (PSR, ¶¶31-37.)

Despite the serious nature of the crime that Defendant has committed and the defendant's criminal history, the government concurs that a mitigated sentence is appropriate in this case. The defendant has been compliant with his conditions of release, has expressed remorse for his actions, and took full responsibility for engaging in this fraudulent activity the first time he was confronted with his actions. The defendant also has extraordinary medical problems that are likely to be exacerbated by a term of incarceration. If the Court is not inclined to impose a term of imprisonment in this case, however, a probationary period is necessary to ensure that he not commit any future crimes, and that he pay back the funds that he stole from the Department of Veterans' Affairs. The mandatory $50,704.51 in restitution must be returned to the U.S. Department of Veterans' Affairs.

Wherefore, the United States respectfully requests that this Court impose a sentence in line with the provisions of the plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) of the Sentencing Guidelines.

Respectfully submitted this 17th day of September, 2016.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/Rosaleen O'Gara*

ROSALEEN O'GARA
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 17th day of September, 2016, to:

All ECF participants.